IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim No. 01-0145 |
| | ) | |
| AARON MOORE. | ) | |

MEMORANDUM ORDER

Defendant, Aaron Moore, has filed a pro se motion [Doc. No. 32] for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's recent amendment to the crack cocaine guideline. See U.S.S.G. § 2D1.1(c) (2007). The government opposes defendant's motion, [Doc. No. 34] arguing that defendant is not eligible for a sentence reduction because he was sentenced pursuant to a statutory mandatory minimum. For the reasons set forth below, defendant's motion will be DENIED.

18 U.S.C. § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

According to the applicable policy statement in U.S.S.G. § 1B1.10, eligibility for a sentence reduction under this provision is

triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). See U.S.S.G. § 1B1.10 cmt. n. 1. The Commission has included the crack cocaine amendments, 706 and 711, in § 1B1.10(c).[1]

However, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with the Sentencing Commission's policy statement if, among other things, an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment). See U.S.S.G. § 1B1.10 cmt. n. 1 (emphasis added).

Here, defendant was convicted of possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii) and using a firearm in furtherance of said offense in violation of 21 U.S.C. § 924(c). Each of these offenses carries a statutory mandatory minimum term of imprisonment of 60 months. The Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum. See U.S.S.G. § 5G1.1(c)(2). Accordingly, the court imposed a sentence

---

[1] Amendment 706 to the Sentencing Guidelines changed the drug quantity table in U.S.S.G. § 2D1.1 and decreased by two the base offense level assigned to each threshold quantity of crack cocaine. See U.S.S.G. § 2D1.1; U.S.S.G. app. C, amend. 706 (Supp. 2007).

2

of 120 months which reflects the statutory mandatory minimum sentence of 60 months at Count I to be followed by a consecutive statutory mandatory minimum sentence of 60 months at Count 2. Id.

Upon review of defendant's offenses, the sentence imposed, and the requirements of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, defendant is not eligible for a reduction in sentence. The crack cocaine amendment reflected in U.S.S.G. § 2D1.1(c) does not have the effect of lowering the defendant's applicable guideline range here because a statutory mandatory minimum term of imprisonment applies to defendant's offenses. Accordingly, defendant's motion [Doc. No. 32] is DENIED.

BY THE COURT:

_____, J.

4/25/08

cc: All Counsel of Record