IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

AARON MOORE,
        Defendant.

Criminal Action No. 01-145

**MEMORANDUM ORDER**

Conti, Chief District Judge

## I. Introduction

On March 26, 2002, defendant Aaron Moore ("defendant") was sentenced to two consecutive terms of 60 months imprisonment followed by two concurrent five-year terms of supervised release for violations of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 924(c)(1)(A)(i). Defendant was released from custody and began serving his terms of supervised release on May 10, 2010. On January 6, 2014, defendant filed a pro se motion to terminate supervised release (ECF No. 44), the third such motion he has filed. (*See* ECF Nos. 36, 42.) Defendant argues that termination of his supervised release is warranted because he created a new life for himself, put his criminal past behind him, and worked in his community for over three years without any incidents or violations. (ECF No. 44, at 2.) The government filed a brief in opposition to the motion arguing that early termination of supervised release is appropriate only in exceptional or extraordinary circumstances. (ECF No. 47, at 2 (citing *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010) (per curiam)).) Defendant, through counsel, argued in reply that the language in *Laine* requiring exceptional or extraordinary circumstances is not the controlling standard for evaluating motions for early termination of supervised release. (ECF No. 52, at 2–3.) The government filed a further response in opposition. (ECF No. 54.) For the reasons that follow, the court finds that it is appropriate to consider whether exceptional or extraordinary

circumstances exist in ruling on a motion for early termination of supervised release. Because such circumstances do not exist in this case and because early termination would not otherwise serve the interest of justice, defendant's motion for early termination will be denied.

## II. Legal Standard for Early Termination of Supervised Release

A district court may, after considering the applicable factors[1] in 18 U.S.C. § 3553(a),

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). "Generally … early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *Laine*, 404 F. App'x at 573–74 (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). "Simple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." *Id.* at 574; *see United States v. Abdelhady*, Crim. No. 06-63, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to

---

1  The applicable § 3553(a) factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the sentencing range established by the Sentencing Commission; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) & (a)(7).

2

justify early termination."); *United States v. Dudash*, Crim. No. 05-101, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination.").

Defendant argues that the "exceptional or extraordinary" language in *Laine* is not based upon the controlling statute, but upon *Lussier*, which was not an early termination case. (ECF No. 52, at 5–6.) After failing to raise the issue on direct appeal, the defendant in *Lussier* moved to amend his restitution under 18 U.S.C. § 3583(e)(2) because payment of restitution was made a condition of his supervised release. *Lussier*, 104 F.3d at 33. The district court dismissed the motion for lack of jurisdiction, and the United States Court of Appeals for the Second Circuit affirmed. *Id.* The Second Circuit Court of Appeals, in discussing the district court's authority under § 3583(e), commented:

> Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

*Id.* at 36. According to defendant, the Second Circuit Court of Appeals did not "set out to establish a definitive standard for determining when the conduct of a defendant or interests of justice supported early termination," and the reliance of the Third Circuit Court of Appeals upon this "dicta" from *Lussier* is "mistaken[]" and "misplaced." (ECF No. 52, at 6–8.) In *Laine*, the court of appeals summarily affirmed the district court because the defendant waived his appellate rights as a condition of his plea agreement. *Laine*, 404 F. App'x at 572. The court held that enforcing the waiver would not be a "miscarriage of justice" because Laine's compliance with his conditions of release was not exceptional or extraordinary. *Id.* at 573.

At most, defendant argues, "extraordinary circumstances" is a permissive basis for deciding a motion for early termination, not a controlling standard. (ECF No. 52, at 9); *see United States v. Kay*, 283 F. App'x 994 (3d Cir. 2008) ("We need not determine in this case whether [the 'significantly changed or extraordinary circumstances' standard from *Lussier*] is a controlling standard, because it is clear on the present record that the District Court did not abuse its discretion in looking for changed circumstances . . . ."). Defendant asserts that the "only controlling standard" is the one set forth in the statute: whether the court is satisfied, after considering the § 3553(a) factors, that early termination is warranted by the conduct of the defendant and the interests of justice. (ECF No. 52, at 10.)

*Laine*, as an unpublished decision, is not binding precedent. *See* 3d Cir. I.O.P. 5.7 (2010) ("The court by tradition does not cite to its not precedential opinions as authority. Such opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing."); *In re Grand Jury Investigation*, 445 F.3d 266, 276 (3d Cir. 2006) ("*A fortiori*, [not precedential opinions] are not precedents for the district courts of this circuit."). Not precedential opinions are, however, "strongly persuasive authority" for district courts. *United States v. Barney*, 792 F. Supp. 2d 725, 729 (D.N.J. 2011).

The court finds, in accord with *Laine* and numerous decisions in this district, that early termination of supervised release generally should not be granted absent exceptional or extraordinary circumstances. *See, e.g.*, *United States v. Cotter*, Crim. No. 09-190, 2014 WL 1653106, at *1 (W.D. Pa. Apr. 23, 2014); *United States v. Sporrer*, Crim. No. 09-311, 2014 WL 580919, at *1 (W.D. Pa. Feb. 13, 2014); *United States v. Jaime*, Crim. No. 05-34, 2013 WL 4434909, at *1 (W.D. Pa. Aug. 16, 2013). The court does not hold that "exceptional or extraordinary circumstances" is a "controlling standard," s*ee Kay*, 283 F. App'x at 946, or that such circumstances are required in every case, *see Laine*, 404 F. App'x at 573–74 ("*Generally* … early

4

termination of supervised release … should occur only when … something exceptional or extraordinary warrants it." (emphasis added) (citation omitted)). The court must still consider the applicable § 3553(a) factors. Ordinarily, however, the § 3553(a) factors and the interest of justice do not support early termination unless the defendant's conduct and circumstances are exceptional. *See United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, *the exception would swallow the rule*." (emphasis added)).

**III. Application of the Standard**

*A. Applicable 18 U.S.C. § 3553(a) Factors*

*Nature and Circumstances of the Offense and History and Characteristics of the Defendant.* Defendant pleaded guilty to possession with intent to distribute cocaine base (count one) and carrying a firearm during and in relation to a drug trafficking offense (count two). According to the presentence investigation report ("PIR"), law enforcement officers observed defendant in a public park after midnight. (PIR ¶ 7.) As the officers approached defendant, he threw away several objects, one of which was later determined to be a plastic baggy containing 9.41 grams of cocaine base. (*Id.* ¶¶ 7, 8, 10.) Defendant fled from police, and officers observed him pull a handgun from his waistband. (*Id.* ¶ 9.) The officers took cover, and defendant eluded apprehension. (*Id.*) Police recovered the handgun and determined that it was loaded. (*Id.* ¶ 10.) Drug trafficking is a serious crime and is particularly dangerous when firearms are involved. This offense endangered the lives of police officers, defendant, and any bystanders.

Defendant was twenty-three years old when he committed the instant offenses. As a juvenile, he was adjudicated delinquent four times for drug offenses, one of which involved a firearm. (*Id.* ¶¶ 26–29.) Defendant had adult convictions

for DUI and drug possession, leading to a criminal history category of II. (*Id.* ¶ 32). Prior to defendant's incarceration, he frequently used alcohol and ecstasy. (*Id.* ¶ 45.) Defendant's employment record was spotty, with short stints at several businesses. (*Id.* ¶ 47.)

*Sentencing Range Established by the Sentencing Commission.* Count one, possession with intent to distribute cocaine base, carried a mandatory minimum prison sentence of five years to a maximum of forty years. 21 U.S.C. § 841(b)(1)(B) (2000). The guideline range for incarceration was sixty to sixty-three months. (PIR ¶ 55.) At count one, the statute called for a term of supervised release of a minimum of four years to a maximum of life. 21 U.S.C. § 841(b)(1)(B) (2000). The guideline term of supervision at count one was four to five years. (PIR ¶ 58.)

At count two, carrying a firearm during and in relation to a drug trafficking offense, the statutory mandatory minimum term of imprisonment was five years consecutive to the sentence for any other offense. 18 U.S.C. § 924(c)(1)(A)(i) & (c)(1)(D)(ii) (2000). A term of supervised release of up to five years was authorized by statute. 18 U.S.C. § 3583(b)(1). The guideline range for supervised release was three to five years. (PIR ¶ 58.)

Defendant points out that under current law, possession with intent to distribute 9.41 grams of cocaine base no longer carries a mandatory minimum penalty. 18 U.S.C. § 841(b)(1)(C) (2012). Under the current sentencing guidelines, the base offense level for count one would be eighteen rather than twenty-six. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(11) (2013). After reducing the offense level by three levels for acceptance of responsibility, the guideline range for imprisonment at count one under the current guidelines is twenty-one to twenty-seven months. *Id.* ch. 5, pt. A, sentencing table.

The change to the law does not persuade the court that defendant's motion for early termination should be granted. The Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat, 2372 (2010), which raised the amount of cocaine base that triggered

6

the mandatory minimum sentence from five grams to twenty-eight grams, does not apply to crimes committed before the statute's effective date. *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010). Even if a court determines that "a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of [an] amended guideline range[, that fact] … shall not, without more, provide a basis for early termination of supervised release." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.5(B) (2013). The five-year term of supervised release was and is within the guideline range for count two. *Id.* § 5D1.2(a)(1).

*The Need to Protect the Public from Further Crimes of the Defendant.* Defendant argues that his conduct since being released from prison demonstrates that he does not pose a risk of reoffending. (ECF No. 52, at 14.) The government asserts that continued supervision is advantageous to both the public and defendant by assisting defendant in his efforts to remain "on the path to complete rehabilitation." (ECF No. 54, at 21.)

*Any Pertinent Policy Statement Issued by the Sentencing Commission.* The court is aware of no pertinent policy statement.

*The Need to Avoid Unwarranted Sentence Disparities.* This factor causes the court to reexamine the sentencing range.

*The Need to Provide Restitution.* Restitution is not an issue in this case.

### B. Defendant's Conduct

Defendant argues that his conduct while on supervised release, in light of the relevant § 3553(a) factors and the interest of justice, justifies early termination of his supervised release. (ECF No. 52, at 12.) While still incarcerated, defendant obtained a certified personal training license. (*Id.* at 11.) After his release, defendant moved away from "the people, places and things that led to his criminal conduct." (*Id.* at 12.) He started working as a professional personal trainer and has held a steady job for four years. (*Id.* at 11.) He got married and is dedicated to his

7

wife and children. (ECF No. 44, at 2.) Defendant has not used drugs and has adhered to all other conditions of his release. (ECF No. 52, at 12.)

    *C. Conclusion*

Defendant's conduct while on supervision is commendable. The court finds, however, that the interest of justice would not be served by terminating defendant's supervised release at this time. Defendant has not provided any exceptional or extraordinary basis for terminating supervision. *Laine*, 404 F. App'x at 573–74; *Abdelhady*, 2013 WL 1703775, at *2; *Dudash*, 2012 WL 874878, at *3. Defendant has not argued that he is unduly burdened by any aspect of his supervision. *See United States v. Rasco*, Crim. No. 88-817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000) (denying early termination because, among other reasons, defendant did not identify "any compelling reason why his continuation on supervised release is unduly burdensome"); *cf. United States v. Etheridge*, No. 06-133, 2013 WL 6124338, at *4 (D.D.C. Nov. 21, 2013) (granting motion for early termination because defendant's behavior went "above and beyond" what is required and defendant's job required international travel that was hampered by supervision). Supervision does not appear to have interfered with defendant's successful reintegration into society. *See United States v. Berberian*, Crim. No. 07-762, 2012 WL 3042667, at *2 (D.N.J. July 25, 2012) ("Your success in maintaining some level of stability since release and rebuilding relationships with your family also does not justify early termination because there is no indication that the remaining period of supervision would impede rather than support you in these endeavors.").

For the above reasons, defendant's motion for early termination of supervised release is denied.

    *It is so ordered.*

Dated: May 2, 2014                  <u>/s/ Joy Flowers Conti</u>
                                               Joy Flowers Conti
                                               Chief United States District Judge